Opinion issued March
1, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01061-CR

____________

 








CARYL BROOMFIELD, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1325763

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








          Appellant,
Caryl Broomfield, Jr., pleaded guilty to the felony offense
of unlawful possession of a firearm by a felon[1]
and pleaded true to the allegation in an enhancement paragraph.[2]  The trial court found appellant guilty, found
the enhancement true,[3]
and, in accordance with the terms of appellant’s plea bargain agreement with
the State, sentenced appellant to confinement for five years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal.  We
dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P.
25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant
did not appeal any pre-trial matters, and the trial court did not give
permission for appellant to appeal. The record supports the trial court’s
certification. See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we
must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P.
47.2(b).    











[1]         See Tex.
Penal Code Ann. § 46.04
(West 2011).





[2]         See Act of May 29, 1995, 74th Leg.,
R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734,
2734-35, amended by Act of May 25,
2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Gen.
Laws 2104, 2104-05 (current version at Tex.
Penal Code Ann. § 12.42(a)
(West Supp. 2011)).





[3]         The
trial court’s judgment erroneously reflects that appellant pleaded true to two
enhancement paragraphs; the record is clear, however, that the second
enhancement paragraph was waived or abandoned and that appellant only pleaded
true to the first enhancement paragraph.